Frank **WILLIAMS**

v.

**SKIBS A/S HILDA KNUDSEN** and **Christian Haaland.**

Joseph **ABRAMS**

v.

**SKIBS A/S HILDA KNUDSEN** and **Christian Haaland.**

**Civ. A. Nos. 27730, 27731.**

United States District Court
E. D. Pennsylvania.

Nov. 1, 1960.

Freedman, Landy & Lorry, Avram G. Adler, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, John Ennis, Jr., Philadelphia, Pa., for defendants and third-party plaintiffs.

WELSH, Senior Judge.

Plaintiffs were longshoremen who were employed by Universal Terminal and Stevedoring Corporation on January 6, 1960 to assist in discharging bales of

wool from the S. S. Concordia Sky which at that time was berthed at Pier 98 in the Port of Philadelphia. The manner of discharging cargo was to use six or seven hooks which were joined in a bridle. These hooks would be placed under the bands of the bale and four or five bales would be discharged at one time. The plaintiffs were working on the pier. Their job was to remove the bales from the pier after they had been guided to their resting place inside the pier. At about 11:00 A.M., a band broke on some of the bales and one of the bales fell striking both plaintiffs, inflicting injuries.

Defendants, owners of the S. S. Concordia Sky, have moved to join the plaintiffs' employer, Universal Terminal and Stevedoring Corporation, as a third-party defendant and to serve a summons and a third-party complaint for indemnity upon the said employer in each of the above captioned matters, as permitted by Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Because plaintiffs have objected to the motions, briefs were submitted by the parties and oral argument was had. We now decide the matters as follows:

1. Rule 14(a) provides in pertinent part: " * * * a defendant may move * * * after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who * * * may be liable to him for all or part of the plaintiff's claim against him. * * " It is undisputed that the Court is under no compulsion to grant a motion to join filed pursuant to said Rule; rather, it is vested with the sound discretion to grant or deny it depending on the circumstances of the case. Nor, can it be disputed that the Federal Courts have not hesitated to give the Rule a most liberal construction in order to effectuate its purpose—that is, to save time, to prevent duplication of evidence, to avoid circuity of actions and to settle related matters in one proceeding.

2. This most liberal construction notwithstanding, it is the contention of the plaintiffs that the Court should exercise the sound discretion, vested in it by virtue of Rule 14(a), in favor of denying the present motions to join on the ground that the relatively simple actions of the longshoremen against the shipowners involving culpability either actual or imposed by law would be complicated by the third-party actions of the shipowners against the stevedoring company involving a spectrum of duties and obligations interlarded with the unresolved problem of significance of privity. It is urged by the plaintiffs that acceptance of their contention will reduce the number of cases pending in this Court and will not prejudice the defendants.

It is said that the benefit lies in the fact that if the defendants prevail in the original actions then there is no need to try the third-party actions, this procedure is analogous to that adopted by members of this Court where there exists but one action—that of trying the issue of liability first where the liability is clear and simple and then the issue of damages where the medical issues are complex and widely divergent, with the result that the issue of damages need not be tried in the event defendant prevails. It is also said that there would be no prejudice to the defendants (the alleged indemnitees) in the event of a judgment against them since the third-party defendant (the alleged indemnitor) has notice of the original actions and is under an obligation to participate in the defense of the case; in such case whether the third-party defendant does or does not participate it is bound by the findings necessary to the judgment in those actions. Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784 and Damanti v. A/S Inger, D.C., 153 F.Supp. 600.

3. Whatever may be the merits of plaintiffs' contention, in our opinion

they are insufficient to justify our deviation from the almost universally accepted policy of Federal Courts—that a motion by a defendant shipowner for leave to join plaintiff longshoreman's employer, the stevedoring company, as a third-party defendant will be permitted where, as here, a single group or aggregate of operative facts is involved, Crawford v. Pope & Talbot, supra and Gladden v. Cia De Commercio Y Vapores S. A. et al., D.C., 26 F.R.D. 155, Memorandum and Order by Judge Wood filed February 29, 1960, irrespective of the difference in the legal nature of the claims of the plaintiff and the third-party plaintiff and irrespective of the fact that various defenses may be available to the parties.

In the Gladden case, supra, plaintiff longshoreman moved to have his action against the defendant shipowner tried separately. After commencement of the action, defendant joined as third-party defendants, Lavino Shipping Company, the stevedoring company, and M. A. Hanna Company, the charterers, and the latter third-party defendant joined as a fourth-party defendant, Girard Point Operating Company, from whom the stevedoring company had borrowed the crane and crane operator which allegedly damaged the ladder which caused the accident. Judge Wood refused plaintiff's motion for separate trials, after stating:

"Without going further, it is apparent that plaintiff is quite correct when he describes his case as a simple one and the case between the defendants as an extremely complicated one. Why then, asks plaintiff, should he be forced to sit by in Court while defendants squabble over their responsibility?

"The answer is simply that in order to facilitate the determination of just this sort of situation Rule 14 provides for *one trial*, and in so doing obviously necessitates the kind of thing about which plaintiff here is complaining."

Interestingly enough, in the Gladden case three additional parties had been brought into the case and yet a motion for separate trials was denied. In such circumstances, can this Court where only one party is sought to be added in each of these cases deny the motions to join? We think not. Finally, it must be conceded, and indeed the plaintiffs do so concede, that there is no distinction between the Gladden case and these cases even though in the former the plaintiff sought a separate trial and in each of these cases he seeks a denial of a motion to join.

In accordance with the foregoing opinion, the motions of the defendants for leave to join Universal Terminal and Stevedoring Corporation, as a third-party defendant will be granted.