Lloyd *v.* Victory Carriers, Inc., Appellant.

Argued October 4, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused February 28, 1961.

*Eugene R. Lippman,* with him *William C. Schultz, Jr., Albert R. Beal,* and *Krusen, Evans & Shaw,* for appellant.

*Joseph R. Thompson,* for appellee.

OPINION BY MR. JUSTICE COHEN, December 1, 1960:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County sustaining additional defendant-appellee's preliminary objections and dismissing the joinder complaint of defendant-appellant.

The plaintiff, Leeverne Lloyd, a longshoreman (employee) sued in trespass for injuries allegedly received through the negligence of the original defendant, Victory Carriers, Inc. (shipowner), and the unseaworthiness of the vessel. The plaintiff was employed by the additional defendant, Jarka Corporation of Philadelphia (stevedore), which sent him aboard the vessel to perform stevedoring services.

The shipowner impleaded the stevedore on the ground that if the shipowner were liable to the em-

ployee for negligence and unseaworthiness, such negligence and unseaworthiness were the result of the stevedore's failure to properly perform its services. Therefore, it was claimed, the stevedore was liable over to the shipowner.

The stevedore objected to the third-party complaint on the ground of misjoinder of causes of action. The court below sustained the preliminary objection and dismissed the third-party complaint. This appeal followed.

The overriding issue in this case is the extent to which federal maritime law applies and the extent to which state procedural rules apply. It is settled beyond question that in an action such as this, in which a longshoreman or a seaman is involved, federal maritime law must govern all substantive matters regardless of whether the suit is brought in the state or federal court. *Chelentis v. Luckenbach Steamship Company*, 247 U. S. 372 (1918) ; *Garrett v. Moore-McCormack Company*, 317 U. S. 239 (1942) ; *Pope & Talbot, Inc. v. Hawn*, 346 U. S. 406 (1953). Normally, the procedural law of the forum will be applied unless the particular element of procedure so influences the litigants' substantive rights as to require the adoption of the federal practice in that area. See *Garrett v. Moore-McCormack Company*, supra. Cf. *Guaranty Trust Company v. York*, 326 U. S. 99 (1945). Whether a specific element is substantive or procedural is necessarily a matter of federal law.

We must be guided in our appraisal of federal law by the ruling of the United States Supreme Court in *Garrett v. Moore-McCormack Company*, supra. In that case an action was brought by a seaman in a Pennsylvania state court for damages under the Jones Act (46 U.S.C.A. §688 (1952) ) and for maintenance and cure under the law of admiralty. Plaintiff conceded that he had executed a release in favor of defendant, but he

sought to escape the effect of the release by alleging fraud on the part of the defendant in securing the release. Under Pennsylvania law the burden would have been upon the plaintiff to prove the existence of fraud, whereas under federal admiralty law the burden would have been upon defendant to sustain the release. This Court in *Garrett v. Moore-McCormack Company*, 344 Pa. 69, 23 A. 2d 503 (1942), held that the question of burden of proof was a procedural one and that the Pennsylvania law applied. The United States Supreme Court reversed, holding that federal admiralty law applied. "The right of the petitioner to be free from the burden of proof imposed by the Pennsylvania local rule inhered in his cause of action. *Deeply rooted* in admiralty as that right is, it was a part of the very substance of his claim and cannot be considered a mere incident of a form of procedure." (Emphasis supplied). 317 U. S. at 249 (1942).

Since joinder, normally a matter of trial convenience, see 3 Moore, Federal Practice, §20.02 (1948), would be considered an aspect of procedure, we must decide whether the right to implead in this particular situation is so deeply rooted in the substantive law of admiralty as to require our courts to follow the federal law in this area.

We recognize that the Federal Rules of Admiralty do authorize joinder of third parties and that a federal court in admiralty would probably permit joinder in the case at bar: See Admiralty Rules, rule 56, 28 U.S.C.A. However, that rule is discretionary. See *Cargill, Inc. v. Compagnie Generale Transatlantique*, 235 F. 2d 240 (5th Cir. 1956); *In re Hocking's Petition*, 146 F. Supp. 207 (D.C. N.J. 1956). Joinder in this very situation was allowed by the United States Supreme Court in the litigation that firmly established the shipowners' right to indemnification from the stevedore. *Ryan Stevedoring Company v. Pan-Atlantic*

*Steamship Corporation,* 350 U. S. 124 (1956). It should be noted, however, that the right of indemnification was at issue and not the procedural aspect of joinder. We can assume that if joinder were at issue the Supreme Court would have treated the problem as a matter within the discretion of the trial judge. See Rule 20(b), Federal Rules of Civil Procedure.

In view of the fact that the right of indemnification was finally settled only four years ago, that joinder in both diversity and admiralty cases in the federal courts is a discretionary matter, and that the substantive rights of the parties to bring an independent action remain unchanged, it is apparent that the right to implead the stevedore is not, by any means, "deeply rooted in admiralty." Therefore, we believe that federal law would regard joinder as a matter of procedure to be governed by state rules.

The question then becomes whether joinder should be allowed under Rule 2252 of the Pennsylvania Rules of Civil Procedure: "(a) In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

In order to determine the applicability of rule 2252(a), we must again examine the federal substantive law. The stevedore clearly is not subject to joinder on the basis of sole liability since, as the employer, it is covered under the provisions of Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 905 (1952), which relates to exclusive remedy under that Act. Section 5 provides as follows: "The *liability* of an employer prescribed in section 4 shall be exclusive and in place of all other *liability* of such employer to employee. . . ." (Emphasis

supplied). The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 901, is identical to the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, Article III, Section 301a, as amended, 77 PS §431, as far as the result on this issue is concerned although its terminology is much stricter than the Pennsylvania Act. It is clear that where either of the Acts is applicable, the employer may not be joined as solely liable since plaintiff has no common law cause of action against his employer. See *Swanson v. Marra Brothers, Inc.,* 328 U. S. 1 (1946). The defendant does not dispute this conclusion.

The same provision of the Longshoremen's and Harbor Workers' Compensation Act, supra, which forbids the joinder of an employer as an additional defendant on the theory of sole liability has been interpreted by the federal courts as prohibiting any rights by a third party tortfeasor to contribution from a plaintiff's employer. See *Halcyon Lines v. Haenn Ship C. & R. Corp.,* 342 U. S. 282 (1952). In this respect cases arising within the scope of the federal compensation statutes have been uniformly interpreted in a manner different from those under the Pennsylvania statute. The defendant also does not challenge this conclusion.

The major issue upon which there appears to be a difference of opinion relates to the question whether or not a stevedore-employer of a longshoreman subject to the Longshoremen's and Harbor Workers' Compensation Act, supra, can properly be joined for liability over in a suit for personal injuries by the employee. For a number of years, federal courts wrestled with the problem of the rights of a shipowner against the stevedore in those instances where it appeared that the injuries were in fact the result of a wrongdoing by the stevedore itself. A resolution of the problem was finally made by the Supreme Court of the United States

when it firmly established the right of the shipowner to obtain indemnification from the stevedore. *Ryan Stevedoring Company v. Pan-Atlantic Steamship Corp.,* supra. Here, the plaintiff was injured because of improper storage by his employer; and the Supreme Court ruled that the Longshoremen's and Harbor Workers' Compensation Act, supra, does not preclude enforcement by the shipowner of the *contractual* obligation owed to it by the stevedore, to wit: "The shipowner's action here is not founded upon a tort or upon any duty which the stevedoring contractor owes to its employee. The third-party complaint is grounded upon the contractor's breach of its purely consensual obligation *owing to the shipowner* to stow the cargo in a reasonably safe manner. Accordingly, the shipowner's action for indemnity on that basis is not barred by the Compensation Act." 350 U. S. at 131, 132 (1956).

Such right to indemnification is clear in the case of an express contractual undertaking (e.g., a bond of indemnity or an indemnification provision in a stevedoring contract). And the contractual nature of the obligation is equally clear even where there is no express promise of indemnification in the stevedore contract since, in the words of the Court: "The shipowner . . . holds petitioner's uncontroverted agreement to perform all of the shipowner's stevedoring operations at the time and place where the cargo in question was loaded. That agreement necessarily includes petitioner's obligation not only to stow . . . but to stow . . . properly and safely. Competency and safety of stowage are inescapable elements of the service undertaken. This obligation is not a quasi-contractual obligation implied in law or arising out of a noncontractual relationship. It is of the essence of petitioner's stevedoring contract." 350 U. S. at 133 (1956). See also *Weyerhaeuser S.S. Co. v. Nacirema Co.,* 355 U. S. 563 (1958), where the court re-emphasized the con-

tractual relationship of the parties. The ruling of the Court in *Crumady v. The Joachim Hendrik Fisser,* 358 U. S. 423 (1959), extending the contractual rights of the shipowner in an *in rem* admiralty action to include rights as a third-party beneficiary where the stevedoring contract was entered into by the charterer of the vessel, does not alter the nature of the obligation.

Thus we see that appellant's assertion in the case at bar, that the right of indemnification is implied in law and not based upon a contract implied in fact is contrary to the language and the determination of the United States Supreme Court. The United States Supreme Court has definitely decided that the right of indemnification, which is alleged here, is based upon contract.

The well-established principle in our Pennsylvania courts is that the defendant's alleged contractual right to indemnification must be determined in a separate action in assumpsit and cannot be adjudicated in a trespass suit for personal injuries. *Donnelly v. Fred Whittaker Company,* 364 Pa. 387, 72 A. 2d 61 (1950); *Volta v. Markovitz Brothers, Inc.,* 351 Pa. 243, 40 A. 2d 388 (1945); *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, 2 A. 2d 831 (1938); *Murray v. Pittsburgh Athletic Company,* 324 Pa. 486, 188 Atl. 190 (1936); *Jones v. Wohlgemuth,* 313 Pa. 388, 169 Atl. 758 (1934).

The rationale or the principle referred to is clear. To include the additional defendant in this trespass action would complicate this suit by combining two separate causes of action in one trial. The procedural difficulties in such joinder are evident. See *Land Title Bank & Trust Company v. Cheltham National Bank,* 362 Pa. 30, 66 A. 2d 768 (1949).

Order affirmed.