**Alfred SCIOLI, Plaintiff,**

v.

**DAMMERS & VAN DER HEIDE'S SHIPPING AND TRADING CO., Defendant.**

**Civ. A. No. 28127.**

United States District Court
E. D. Pennsylvania.
June 7, 1961.

Avram G. Adler, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

WELSH, Senior District Judge.

This motion of defendant shipowner to join plaintiff's employer, the stevedore company, as third-party defendant was filed within six months from the date of the service of defendant's answer to the complaint as required by Local Rule 19(a) of this Court. However, it is contended by plaintiff that the Court should deny the motion in the exercise of the discretion conferred upon it under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.

Two reasons assigned by plaintiff in support of his contention require discussion, as the others have been rejected by three members of this Court, by Judge Wood, in an Opinion and Order filed February 29, 1960, in Gladden v. Cia De Commercio Y Vapores et al., D.C., 26. F.R.D. 155; by Judge Van Dusen, in a Memorandum Opinion and Order filed March 15, 1961, in Weitort v. A. H. Bull & Company et al., 192 F.Supp. 165, and by the present writer, in an Opinion and Order filed November 1, 1960, in Williams v. Skibs A/S Hilda Knudsen and Christian Haaland and Abrams v. Skibs A/S Hilda Knudsen and Christian Haaland, D.C., 28 F.R.D. 398.

In Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A.2d 689, the Pennsylvania Supreme Court held that the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix do not authorize the joinder of the shipowner's action in assumpsit against the stevedore company with the stevedore company's employee's action in trespass for personal injuries against the shipowner.

It is conceded by plaintiff that this Court is not bound by Pennsylvania Procedural Rules. He points out, however, the Pennsylvania Rules of Civil Procedure aside, that the Pennsylvania Supreme Court clearly held that it is against the policy of the State to complicate a suit by combining two separate causes of action. It is this latter holding in Lloyd, supra, which forms the basis of one of plaintiff's reasons assigned in support of his contention that this Court should deny the motion in the exercise of the discretion conferred upon it under Rule 14(a). It is reasoned by plaintiff that this holding, namely, that it is against the policy of the State of Pennsylvania to complicate a suit by combining two separate causes of action, should be considered, and perhaps adopted by this Court, which is located within said State, particularly when the failure to do so will result in "forum shopping".

Assuming arguendo, that it is against the policy of the State of Pennsylvania to complicate a suit by combining two separate causes of action and that plaintiff's fears about "forum shopping" are justified, we are, nevertheless, not inclined to adopt said policy; for, the fact remains that under Rule 14(a) the policy of Federal Courts has been to permit the joinder of the complicated action of the shipowner against the stevedore company with the simple action of the longshoreman against the shipowner unless exceptional circumstances to the contrary are shown and that policy will probably continue unless changed by the Congress.

Another reason advanced in support of plaintiff's contention has relation to the occasional practice of this Court trying initially the question of liability and then, if necessary, the question of damages. Plaintiff takes the position that if the practice of separate trials is acceptable in that type situation it should be adopted in the present case. In other words, we are asked to approve a practice of first trying the action of the longshoreman against the shipowner and then, if necessary, trying the action of

the shipowner against the stevedore company. Plaintiff's position, we think, must be rejected. The same advantage would obtain in both instances in the event of a verdict in favor of the defendant, in one there would be no need to try the damage phase of the case and in the other there would be no need to try the third-party action of the shipowner against the stevedore company. However, in the event of a verdict in favor of the plaintiff, in the one instance only the damage phase of the case would have to be tried and only witnesses to establish that phase of the case would have to be called; but in the other instance the third-party action of the shipowner against the stevedore company would have to be tried in its entirety and the identical witnesses who were called to establish liability in the main suit would have to be recalled to establish liability in the third-party action.

Having rejected the reasons urged in support of plaintiff's contention, defendant's motion for leave to join the stevedore company as third-party defendant will accordingly be granted.