## Grove v. York County Gas Co.

*Anderson, Ports, May, Beers, Blakey & Stewart*, for plaintiff.

*Kain, Kain & Brown* and *Markowitz & Kagen*, for defendant.

*Nevin Stetler*, for additional defendant.

ATKINS, P. J., June 26, 1961.—In this case, additional defendant has filed preliminary objections to the complaint of defendant in the form of a motion for a more specific complaint. Specifically, additional defendant alleges that paragraphs 9, 10, 11, 12 and 13, of defendant's complaint are so vague and indefinite that additional defendant is unable to make answer thereto. . . .

Paragraph 9 alleges that defendant had purchased from additional defendant a valve for installation in defendant's underground gas line, and the valve had been manufactured by additional defendant for that purpose. We think that the allegations of this paragraph are sufficient to inform additional defendant of

defendant's claim in this regard and, therefore, dismiss the objection to paragraph 9.

Paragraph 10 alleges that additional defendant "expressly and/or impliedly warranted to the Defendant that the said valve was of good quality, properly designed, constructed, etc." The complaint should state whether or not the warranty was express or implied and, if express, whether it was oral or written. Although additional defendant does not raise this question, we feel that it is appropriate to suggest that the matter of warranty has no place in an action of trespass. See Loch v. Confair, 361 Pa. 158, at page 162; Lloyd v. Victor Carriers, Inc., 402 Pa. 484.

Defendant alleges in paragraph 11, that the valve "cracked, broke, fractured, or came apart or separated or broke or disintegrated." This is objected to as vague and indefinite. It appears here that defendant has attempted to cover every possibility, but, in so doing, has left additional defendant in the dark as to just what defendant contends did occur. The other matters with regard to this paragraph as to which the additional defendant requests more specific information such as course of flow of gas, the exact place of explosion in the premises and the manner of ignition of the gas are matters that could be ascertained by appropriate discovery procedures.

Paragraph 12 alleges that a valve split or broke, etc., because of "defective design, construction, manufacture and/or inspection." By the use of and/or, no one can tell whether the alleged defect was in the design, construction or manufacture of the valve and whether, if there was any defect, it was not discovered because of faulty inspection procedures. We think additional defendant is entitled to know in which of the above processes additional defendant was allegedly negligent. . . .

Paragraph 13b alleges the use of defective materials and the manufacture, construction and assembly of the valve but does not say what materials were defective or in what manner they were defective. Presumably, numerous materials go into the manufacture of an article of this description, and we think additional defendant is entitled to more specific information concerning the alleged defects.

We see no objection to paragraph 13c, which alleges failure to properly inspect the valve, because this is a matter that would be peculiarly in the knowledge of additional defendant and no one can tell what inspection methods were used but additional defendant himself. . . .

And now, June 26, 1961, it is ordered, adjudged and decreed that the objections to paragraphs 10, 11, 12 and 13 of defendant's complaint be and hereby are sustained to the extent indicated in the foregoing opinion, and the objection to paragraph 9 is dismissed. Defendant is permitted to file an amended complaint within 20 days of this order and, on failure to do so, the prothonotary will enter an order dismissing the complaint.

Exception is granted to defendant and additional defendant.