Frank **COOPER**

v.

**AUSTRALIAN COASTAL SHIPPING COMMISSION and the Australian National Line**

v.

**J. A. McCARTHY, INC. and Rainbow Terminal Corp.**

**Civ. A. No. 68–2676.**

United States District Court,
E. D. Pennsylvania.

Feb. 24, 1972.

---

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

Robert G. Kelly, Jr., Kelly, Deasey & Scanlan, Philadelphia, Pa., for defendant.

---

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

The plaintiff, a longshoreman, brought suit for personal injuries he re-ceived while operating a forklift on the pier where the defendant's ship was docked. The defendant has moved for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There are no pertinent facts in dispute and the motion is, therefore, appropriate for consideration.

The facts are as follows:

1. The plaintiff was employed by J. A. McCarthy, Inc., as a longshoreman on June 3, 1968.

2. On June 3, 1968, the plaintiff was engaged in operating a forklift truck owned by the stevedore, J. A. McCarthy, Inc., and was in the process of moving cargo to a point on the pier where it would be lifted onto the S/S LAKE EYRE by the ship's boom.

3. During one trip, it is alleged that the forklift malfunctioned and the cargo fell upon the plaintiff causing him injuries because of the absence of a compulsory safety cover.

4. There are no allegations that the ship's officers or crew members exercised any control over the forklift or the work area or that the plaintiff received orders or instructions from any of the ship's personnel.

5. There is no allegation that the ship was negligent.

The issues before this court are whether under these facts there is maritime jurisdiction and if not, whether under diversity jurisdiction, the law of Pennsylvania would allow plaintiff to recover from defendant shipowners. Initially, it must be noted that the plaintiff has conceded that he has no negligence claim against the defendant and that his claim is limited to unseaworthiness. (See plaintiff's brief in opposition to defendant's motion for summary judgment, p. 2).

The recent Supreme Court case of Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971), has settled the issue of whether this injury falls within maritime jurisdiction. Under almost identical facts, the Supreme

Court held maritime jurisdiction did not extend to a longshoreman who was driving a forklift truck on the pier when its protective rack fell on him causing injuries. The court recognized the following factors as determinative of the existence of maritime jurisdiction:

> "In the present case, however, the typical elements of a maritime cause of action are particularly attenuated: respondent Law was not injured by equipment which was part of the ship's usual gear or which was stored on board, the equipment which injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gang plank." *Id.* at 213–214, 92 S.Ct. 426.

It is clear that the existing facts likewise do not present a case where maritime jurisdiction would attach. The forklift was not part of the ship's usual gear or stored on board; it was not attached to the ship or under the control of the ship or its crew and the injury did not occur aboard the ship nor on its gang plank. The plaintiff does not seriously contest this conclusion but instead makes the novel contention that:

> "The real issue before the Court is whether the *law of Pennsylvania* allows plaintiff to recover against the shipowner of the unseaworthy condition of the forklift truck." Plaintiff's brief in opposition to defendant's motion for summary judgment, p. 5.

The plaintiff contends that Pennsylvania has adopted maritime law as part of its body of state common law, and that, therefore, this court must apply the doctrine of unseaworthiness to the facts of this case because it is sitting in a diversity action. Plaintiff further contends that the mere lack of maritime jurisdiction in federal court does not exclude the application of Pennsylvania's (alleged) maritime law in a case founded on diversity jurisdiction. However, the plaintiff has shown this court no authority which expressly states that Pennsylvania has either adopted federal maritime law as its own or has developed its own body of maritime law.

I interpret *Law* as limiting both federal maritime jurisdiction, and maritime substantive law as it is applied to the issues in this case. In *Law* the Court refused to "extend the reach of the federal law to pier-side accidents caused by a stevedore's pier-based equipment." *Law* at 204, 92 S.Ct. at 421. The doctrine of unseaworthiness applies to the ship, its equipment, gear and appurtenances. The forklift involved in this case does not come within that definition. Consequently, there is no federal substantive maritime law that would under the facts of this case find the ship or its equipment or appurtenances to be unseaworthy. If Pennsylvania has adopted the *federal* maritime law as its own, then it would be bound by the limitations placed on that law by the Supreme Court in *Law*. Consequently, only if Pennsylvania has formulated some rule of law of its own, maritime or otherwise, that would hold the shipowner liable to the longshoreman under the facts of this case could plaintiff recover. That Pennsylvania should have developed some wholly separate body of law, with novel doctrines at variance with the federal maritime law, requires documentation from some source. Plaintiff has failed to supply any such authority.

Defendant's motion for summary judgment will be granted.