William **HOWARD**

v.

**KAWASAKI KISEN K. K.**

Civ. A. No. 69–2646.

United States District Court,
E. D. Pennsylvania.

March 9, 1972.

Gerald D. Garfinkle, Fine, Staud & Grossman, Philadelphia, Pa., for plaintiff.

Thomas J. Ingersoll, Kelly, Deasey & Scanlan, Philadelphia, Pa., for defendant.

### MEMORANDUM OPINION AND ORDER

BRODERICK, District Judge.

The plaintiff, a longshoreman, sued the owner of the ship, which was docked at the pier on which he was working, for personal injuries. The defendant shipowner has moved this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

There being present no genuine issue as to any material fact, this motion is a proper one for our consideration. We have determined that the defendant is entitled to summary judgment as a matter of law.

The facts in this case are as follows:

1. On August 20, 1969, the plaintiff, who resided in Philadelphia, Pennsylvania, was employed by Philadelphia Ceiling and Stevedoring Company as a longshoreman assigned to discharge cargo from the S/S COLORADO MARU.

2. The S/S COLORADO MARU was owned, operated and controlled by the defendant corporation, which was formed under the laws of and had its principal place of business in Japan. This merchant vessel, on August 20, 1969, was moored at Pier 78, South Warves, Philadelphia, Pennsylvania.

3. On August 20, 1969, while driving a forklift truck on the pier, the plaintiff was injured when the overhead guard of the forklift truck collapsed and struck the plaintiff on the head and shoulders. The plaintiff had not yet worked any cargo of the vessel prior to the time he was injured. The forklift truck, owned by the Philadelphia Ceiling & Stevedoring Company, had been stored at the head of the pier.

4. There are no allegations that the ship's officers or crew members exercised any control over the forklift truck, the work area or the plaintiff.

5. In plaintiff's Amended Complaint he alleged that his injuries were due both to the unseaworthy condition of the S/S COLORADO MARU and to the negligence of the defendant. In his brief in opposition to defendant's motion for summary judgment, however, the plaintiff has conceded that he cannot prove that his injuries were caused by defendant's negligence and, therefore, his claim against the defendant is limited to that of unseaworthiness.

On the basis of the above facts, taken in the light most favorable to the plaintiff, it is clear that the plaintiff's claim is not cognizable as a federal maritime cause of action and that he is not entitled to the warranty of seaworthiness.

The recent Supreme Court opinion of Victory Carriers, Inc. v. Law [1] held that federal maritime law does not govern an accident suffered by a longshoreman injured on a dock by allegedly defective equipment which was owned and operated by his stevedore employer, which equipment was not an appurtenance of the ship.[2] In that case, the overhead protection rack of a forklift truck, which was owned and under the direction of the stevedore employer and which was being operated on the dock, came loose and fell on the longshoreman thus causing his injuries. The Court, recognizing a legal distinction between a longshoreman injured on the pier in the course of loading or unloading a vessel and a longshoreman performing similar services on the ship,[3] found particularly thin the necessary elements of a maritime cause of action because:

> . . . Law was not injured by equipment which was part of the ship's usual gear or which was stored on board, the equipment which injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gang plank.[4]

The operative facts in *Victory* are significantly akin to the facts in the present case. Here, Mr. Howard was injured on the pier by a forklift truck which was not part of the ship, which was not stored on board the vessel, and which was not under the control of the ship or its crew. The conclusion, then,

1. 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971).

2. Victory Carriers, Inc. v. Law, 404 U.S. 202, 205, 92 S.Ct. 418, 421, 30 L.Ed.2d 383 (1971).

3. Id. at 212, 92 S.Ct. at 425.

4. Id. at 213, 92 S.Ct. at 426.

is inescapable that the federal maritime law does not extend to Mr. Howard under the present circumstances.[5]

The plaintiff argues, however, that under diversity of citizenship he is entitled to the warranty of seaworthiness as a matter of state law. By relying on *Victory*, the plaintiff contends, the defendant has confused the concepts of maritime jurisdiction and maritime law. Citing Seas Shipping Co. v. Sieracki,[6] Gutierrez v. Waterman Steamship Corp.,[7] Petterson v. Alaska S.S. Co.,[8] and Spann v. Lauritzen,[9] the plaintiff claims that a longshoreman who is injured by defective equipment is entitled to recover from the shipowner provided that the equipment which he is using is necessary for the loading procedure and further provided that the longshoreman is engaged in the process of unloading or loading of the vessel. The plaintiff then argues that since the maritime law as set forth in the above named cases was not overruled, the mere fact that the federal courts do not have maritime jurisdiction does not hinder the application of this general maritime law, as also found within the law of the state of Pennsylvania as set forth in Garrett v. Moore-McCormack Co.[10] and Lloyd v. Victory Carriers, Inc.,[11] when jurisdiction is based on diversity of citizenship. The plaintiff, therefore, concludes that he is entitled to recover from the defendant shipowner for the unseaworthy condition of the forklift truck.

Plaintiff's argument is entirely without merit. In the first place, *Seas Shipping Co.*, *Gutierrez*, *Petterson* and *Spann* do not stand for the proposition that there is a body of substantive federal maritime law which will allow recovery by the plaintiff in the instant action under diversity jurisdiction. Each case he has cited is distinguishable from the facts of this case. In *Seas Shipping Co.*, the longshoreman was injured while working on board the ship. In *Gutierrez* the longshoreman's injury, although occurring on the pier, was caused by a leaky cargo container, an appurtenance of the ship. The longshoreman's injury in *Petterson*, while caused by equipment owned and brought on board by an independent contractor, again occurred while he was on the ship. And, finally, in *Spann* the injury occurred by what was found to be an instrumentality in the unloading of the cargo although it was affixed to the pier.

No unseaworthiness recovery has been permitted for an injury which has occurred on land due merely to the fact that the longshoreman was engaged in the process of loading or unloading the vessel.[12] Moreover, neither in *Victory* nor in the present case has any finding been made that the forklift truck being used prior to the unloading of the vessel was any such appurtenance of the ship so as to permit the shipowner's warranty of seaworthiness to be attached to the plaintiff longshoreman. We, therefore, are unable to find that body of substantive general maritime law existing apart from *Victory* which would support, as the plaintiff claims, recovery under the facts of the present case.

In the second place, the plaintiff, in reasoning that the law of the Commonwealth of Pennsylvania is the federal

5. McGrath v. N. V. Reederij "Nautiek", Civil No. 70–3361 (E.D.Pa., filed December 30, 1971).

6. 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

7. 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963).

8. 205 F.2d 478 (1953), aff'd, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798 (1954).

9. 344 F.2d 204 (3d Cir.), cert. denied, 382 U.S. 938, 86 S.Ct. 386, 15 L.Ed.2d 348 (1965), rehearing denied, 382 U.S. 1000, 86 S.Ct. 531, 15 L.Ed.2d 489 (1966).

10. 344 Pa. 69, 23 A.2d 503, rev'd, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942).

11. 402 Pa. 484, 167 A.2d 689 (1960).

12. Victory Carriers, Inc. v. Law, 404 U.S. 202, 210, 92 S.Ct. 418, 424, 30 L.Ed.2d 383 (1971).

**804**

maritime law, therefore, the doctrine of unseaworthiness exists as the law of the state, and that, therefore, the plaintiff can recover, is being circular. In his brief in opposition to defendant's motion for summary judgment, he states that we cannot apply general maritime law to the instant case because we do not have maritime jurisdiction, but under diversity principles we must apply the law of Pennsylvania, that the Pennsylvania counts uniformly apply general maritime law, and therefore that we must apply general maritime law.[13]

*Victory* found that state law[14] should apply instead of maritime law to the facts of that case and, by analogy, to the facts in the present case. The law of the Commonwealth of Pennsylvania which the plaintiff has cited in *Garrett* and *Lloyd* merely show us that in appropriate circumstances the Pennsylvania Supreme Court will apply federal maritime doctrines. Indeed, that court reasoned:

> It is settled beyond question that in an action such as this, in which a longshoreman or a seaman is involved, federal maritime law must govern all substantive matters regardless of whether the suit is brought in the state or federal court . . . .
> Whether a specific element is substantive or procedural is necessarily a matter of federal law.[15]

Any claim that a ship or its gear is unseaworthy is rooted in federal law and not state law,[16] so we, therefore, must apply substantive federal maritime law to the facts of this case. We find that *Victory* is applicable to our case because substantive principles of federal maritime law were therein decided[17] which are applicable to the issue of unseaworthiness here. Therefore, under the facts of this case, the federal doctrine of

unseaworthiness does not extend to this plaintiff either under maritime or under diversity jurisdiction.

Accordingly, the motion of the defendant for summary judgment is granted.

---

13. Brief for plaintiff at 6.

14. Victory Carriers, Inc. v. Law, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971).

15. Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 486, 167 A.2d 689, 690 (1960).

16. Victory Carriers, Inc. v. Law, 404 U.S. 202, 203, 92 S.Ct. 418, 420, 30 L.Ed.2d 383 (1971).

17. Cooper v. Australian Coastal Shipping Comm'n 338 F.Supp. 1056 (E.D.Pa. 1972).