## Dodge v. Skodacek

*John P. Lavelle* and *Edward H. Vermillion,* for defendant.

*William H. Bayer,* for additional defendant.

HEIMBACH, *P. J.*, September 5, 1975 — Defendant, an employe of the additional defendant, joined his employer as an additional defendant in a trespass action brought against him wherein he was charged with negligently operating a motor vehicle causing plaintiff's injury.

Additional defendant's preliminary objections in the nature of a demurrer and a motion for a more specific complaint must be sustained.

An employer, although liable to a third party for his employe's tort: Rockwell v. Stone, 404 Pa. 561, 173 A.2d 48 (1961), is not liable to his employe for the latter's tort.

Even if there existed an indemnity agreement between the employe and employer for suffering the employe harmless for any tort committed by such employe, joinder would not be permitted since the cause of action would be based on a contract and could not be adjudicated in an action of tort: Wilson v. Kammerer, 21 D. & C. 2d 62 (1959); Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A.2d 689 (1960). Likewise see Pa. R.C.P. 2252 which requires that liability be predicated on the cause of action declared.

Wherefore, since the defect is not amendable, we enter the following

## ORDER

Now, September 5, 1975, additional defendant's preliminary objections are sustained and he is stricken as a party in this proceeding.