**Caryl Anthony Vaughn GIBBS**

v.

**S/S DONA PAZ et al.**

**Civ. A. No. 82-1388.**

United States District Court,
E.D. Pennsylvania.

Jan. 24, 1983.

Eugene J. Maginnis, Jr., Philadelphia, Pa., for plaintiff.

Alfred E. Yudes, Jr., Philadelphia, Pa., for Fuga and Northern.

Eugene Mattioni, Philadelphia, Pa., for Amstar.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action in admiralty in which the plaintiff, Caryl Anthony Vaughan Gibbs ("Gibbs"), the insurer of Amstar Corpora-tion ("Amstar"), seeks recovery from de-fendants for damages sustained to a load of sugar carried by defendants from the Phil-ippines to Amstar facilities in Philadelphia. Defendants Fuga Bulk Carriers, Inc. ("Fuga") and Northern Lines, Inc. ("North-ern") filed a third-party complaint pursuant to Fed.R.Civ.P. 14(c) naming Amstar as a third-party defendant on the basis of the alleged negligence of Amstar's stevedores who unloaded the sugar at Philadelphia. Amstar has filed a motion to dismiss the third-party complaint. For the reasons hereinafter set forth, the Court will enter an Order denying Amstar's motion.

Amstar contends that its interests are congruent to those of the plaintiff since Gibbs as the insurer of Amstar's damaged sugar cargo stands in the shoes of Amstar through subrogation. Amstar has averred that Gibbs paid Amstar pursuant to its poli-cy of insurance for the damage to the cargo and that Gibbs now seeks through subroga-tion compensation from defendants for Gibbs' loss in paying on the policy. Amstar therefore contends that Fuga and North-ern's third-party complaint against Amstar is tantamount to a third-party action against Gibbs. Amstar contends such an action is needless since Fuga and Northern may raise their claim of Amstar's stevedor-ing negligence as an affirmative defense to Gibbs' action.

On the surface, Amstar's argu-ment seems logical since this is a subroga-tion action. It is well settled that a marine insurer that has paid a loss stands in the shoes of the insured and possesses rights co-extensive to those of the insured. *See Phoenix Insurance Co. v. Erie & W. Trans-portation Co.,* 117 U.S. 312, 6 S.Ct. 750, 29 L.Ed. 873 (1885). However, in this action, Gibbs stands in the shoes of Amstar in Amstar's capacity as owner of the sugar cargo. Amstar also acted as a stevedore in unloading the cargo. It is in this capacity that Fuga and Northern have alleged that Amstar is negligent. Amstar as stevedore is not insured by Gibbs but by another insurer who is not a party to this action. It therefore is permissible for Fuga and

Northern to bring a third-party action against Amstar the stevedore so long as the requirements of Fed.R.Civ.P. 14(c) are met.

Rule 14(c) provides that when a plaintiff asserts an admiralty or maritime claim, the defendant

as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff by way of remedy over, on contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Rule 14(c) allows for broader third-party practice in admiralty matters than is permitted in non-maritime cases under Rule 14(a). In this case, however, Fuga and Northern would be able to sustain its third-party action under either rule. Fuga and Northern have alleged that if they are liable to Gibbs, they have an action for at least partial contribution against Amstar for damage caused by the negligence of Amstar's stevedores. Since this is an admiralty matter governed by Fed.R.Civ.P. 14(c), Fuga and Northern have also raised the alleged negligence of Amstar's stevedoring as an affirmative defense to Gibbs' claim that Fuga and Northern were responsible for damage to Amstar's sugar cargo.

Because Amstar is alleged to have been negligent in its capacity as stevedore, this third-party action is proper. This result is fully consistent with the Ninth Circuit decision of *House v. Mine Safety Appliances Co.,* 573 F.2d 609 (9th Cir.1978) which stated

a third party complaint seeking contribution and indemnity must fail when the third party defendant stands in the same position as the original plaintiff. In this situation the third party defendant's liability is not the secondary or derivative liability required for impleader. *See* Wright and Miller, *Federal Practice and Procedure* § 1446. Instead a motion under Rule 19 to add the alleged third party defendant as a necessary plaintiff would result in the proper alignment of parties.

573 F.2d at 622. In the instant case, the third-party defendant's position is distinct from that of the plaintiff. The third-party defendant is the stevedore accused of negligence. The plaintiff is the cargo owner's subrogated insurer who has paid in full the loss of cargo. Under these circumstances, Amstar may be a third-party defendant even though it was also the insured cargo owner paid for its cargo loss by plaintiff Gibbs. In this case, a Rule 14 third-party action is preferable to a Rule 19 addition of Amstar the stevedore as an involuntary plaintiff. Amstar's stevedoring operation does not seek any recovery—it merely desires to avoid liability for any portion of a judgment which may be entered against defendants Fuga and Northern.

In addition, it has long been the law of the Third Circuit that a defendant in a maritime matter has an action against any party whose negligence caused the defendant to be liable to the plaintiff and that a defendant forced to defend an action because of the negligence of another may recover the expenses of litigation. *See Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 674–75 (3d Cir. 1964). The Third Circuit recently restated this rule in *Simko v. C & C Marine Maintenance Co.,* 594 F.2d 960 (3d Cir.1979). In that case, the Court affirmed a district court jury verdict in favor of a third-party plaintiff barge company against a third-party defendant stevedore citing *Ellerman.* Said the *Simko* court:

[The] purpose [of a contribution action] is to compensate a shipowner for any foreseeable liability imposed or expense incurred in the defense of a lawsuit brought by a longshoreman injured aboard its ship when that injury was

proximately caused, even in part, by the stevedore's breach of his warranty of workmanlike performance.

594 F.2d at 968. This action is one for property damage rather than personal injury, but the rule remains the same. Fuga and Northern have the right to maintain an action against the stevedore. This right should not be abrogated merely because the corporate owner of the stevedoring operation was also the corporate owner of the cargo insured by the plaintiff in this case. *See also Scioli v. Dammers & Van Der Heide's Shipping,* 28 F.R.D. 396 (E.D.Pa. 1961); *Williams v. Skibs A/S Hilda Knudsen,* 28 F.R.D. 398 (E.D.Pa.1960).

Permitting Fuga and Northern's third-party action against the stevedore comports with Fed.R.Civ.P. 14(c)'s overall purpose of bringing before the Court all relevant parties to a maritime action so long as the third-party action is not premature. Courts and scholars have taken the view that Rule 14(c) should be broadly and flexibly applied. *See* C. Wright and A. Miller, *Federal Practice and Procedure* § 1465 at 344; *In re Moore,* 278 F.Supp. 260, 267 (D.Mich.1968). Wright and Miller have noted that

> Rule 14(c) was added to preserve the broad admiralty impleader practice under former Admiralty Rule 56 and was not intended to restrict third-party practice in any way. [Therefore] it would be undesirable to construe the scope of impleader under Rule 14(c) as being narrower than that allowed by Rule 14(a).

C. Wright and A. Miller, *supra,* § 1465 at 346. As heretofore noted, defendants' third-party action meets the standards set forth in both Rule 14(a) and Rule 14(c).

Courts have construed Rule 14(c) as encouraging consolidated admiralty proceedings, going so far as to hold that a federal court presiding over a maritime action may under the principles of ancillary jurisdiction hear a related state claim against a person not named in the federal claim but connected to the matter at issue. *See Leather's Best, Inc. v. S/S Mormaclynx,* 451 F.2d 800 (2d Cir.1971). By analogy, a federal court may, in the interests of judicial economy

and fairness, allow the instant third-party action against the stevedore. *See also Jennings v. United States,* 374 F.2d 983, 986 (4th Cir.1967) (Rule 14 is designed to aid judicial efficiency and the convenience of all the parties).

Plaintiff correctly notes that an insurer may not override its obligations to the insured and contends that Gibbs was required to pay Amstar for damage to the sugar cargo regardless of stevedoring negligence by Amstar. *See Great Lakes Transit Corp. v. Interstate Steamship Co.,* 301 U.S. 646, 57 S.Ct. 915, 81 L.Ed. 1318 (1937); *Atlas Assurance Co., Ltd. v. Harper & Robinson Ship Co.,* 508 F.2d 1381, 1389 (9th Cir.1975). Amstar's observation argues in favor of permitting defendants' third-party action. Since plaintiff Gibbs has already paid in full its policy obligations to Amstar, a successful affirmative defense of stevedore negligence may defeat Gibbs' recovery without giving defendants Fuga and Northern any compensation for defending the action. Thus, if this Court were to prohibit the third-party complaint, Amstar's obligation to reimburse Fuga and Northern for the cost of defense might be relegated to a subsequent cause of action against Amstar, a procedure that would in this case cause inefficiency and delay.

Furthermore, in the event it was eventually determined that Fuga, Northern, and Amstar's stevedores were negligent, there would be no basis on which Fuga and Northern could obtain contribution from Amstar in this action and thus a separate lawsuit for contribution from a joint tortfeasor would be required.

For the reasons heretofore set forth, the Court will enter an order denying Amstar's motion to dismiss.