Bell, J.
 

 The claims of defendant-appellant are1: “1. The Court of Appeals * * * erred in holding that the plaintiff’s appeal was filed in due time; in overruling the defendant’s motion to dismiss the appeal and in
 
 *583
 
 assuming jurisdiction of the case. 2. The Court of Appeals * * * erred in reversing the judgment of the Common Pleas Court for error of law in directing a verdict for the defendant on the first cause of action on the ground that the Jones Act did not apply.”
 

 Consideration will be given to each claim in the order stated.
 

 Was the plaintiff’s appeal filed in due time? If the notice of appeal was filed in due time then the Court of Appeals committed no error in overruling the motion to dismiss. On the other hand if it was not so filed then the court acquired no jurisdiction and should have sustained the motion. See paragraph seven of the syllabus in
 
 State, ex rel. Curran,
 
 v.
 
 Brookes, Jr., et al., Board of Trustees of Police Relief Fund,
 
 142 Ohio St., 107.
 

 Section 12223-2, General Code, insofar as here applicable reads:
 

 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title.”
 

 That a court of record speaks only through its journal is a fundamental principle of law.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014;
 
 Will v. McCoy,
 
 135 Ohio St., 241, 20 N. E. (2d), 371;
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 256, 128 N. E., 72. In Ohio that principle has been written into statutory law.
 

 Section 11604, General Code, reads as follows:
 

 “All judgments and orders
 
 must
 
 be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be
 
 *584
 
 journalized as of the date of the filing of said entry or of the written direction by the court.” (Italics ours.)
 

 That this section is mandatory is beyond dispute.
 

 The trial court withdrew the first cause of action from the consideration of the jury on September 23, 1942, and thereafter on March 12, 1943, entered judgment thereon in favor of the defendant by an entry
 
 nunc pro tunc.
 
 On March 27, 1943, the plaintiff filed notice of appeal.
 

 Section 12223-7, General Code, provides in part:
 

 “The period of time after the entry of the order, judgment, decree, dr other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
 

 “1. In appeals to * # * courts of appeals, # * * within twenty (20) days.”
 

 Defendant claims that the notice of appeal filed within twenty days after March 12, 1943, was not within time and that the Court of Appeals did not thereby acquire jurisdiction.
 

 This claim calls for a consideration of the legal effect of the entry
 
 nunc pro tunc.
 

 The general rule is that where a judgment actually has been rendered or order actually has been made, but not entered in consequence of mistake, neglect, omission or inadvertence, the court rendering such judgment or making the order has the inherent power to cause the judgment or order to be entered
 
 nunc pro tunc,
 
 provided no intervening rights will be prejudiced by reason of such action.
 

 In 23 Ohio Jurisprudence, 680, Section 260, the rule is stated as follows:
 

 “The right of a court to enter a judgment
 
 nunc pro tunc
 
 is available in furtherance of justice only, and it is not available where it would operate to deprive a party of a substantial right, such as the right to file a
 
 *585
 
 motion for a new trial, or to prosecute a proceeding on appeal, or in error.”
 

 This text finds authority in the following Ohio cases
 
 Heirs of Ludlow
 
 v.
 
 Johnston,
 
 3 Ohio, 553, 17 Am. Dec., 609;
 
 Eldridge & Higgins Co.
 
 v.
 
 Barrete,
 
 74 Ohio St., 389, 78 N. E., 516;
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32.
 

 The judgment upon the first cause of action in the instant case although entered on March 12,1943, was to become effective as of September 23, 1942.
 

 Since the plaintiff’s (appellee here) right of appeal, from the action of the court in rendering judgment against her upon her first cause of action, did not accrue until the order became a matter of record, the sum total of defendant’s (appellant here) contention is that an order which may be entered
 
 nunc pro tunc
 
 in furtherance of justice only, should be construed to effect the defeat of the right of appeal expressly conferred by the statute.
 

 In the case of
 
 Charles
 
 v.
 
 Fawley,
 
 71 Ohio St., 50, 72 N. E., 294, this court disposed of a somewhat similar contention in the following language:
 

 “Judgments and orders may be entered
 
 nunc pro tunc
 
 in furtherance of justice only, and when an order dismissing an appeal is so entered by the Circuit Court, a petition in error for its reversal may be filed in the Supreme Court at any time within four months from the date of its
 
 actual
 
 entry.” (Italics ours.)
 

 We conclude therefore that the plaintiff had twenty days from the date of the actual entry of the court’s order,
 
 i. e.,
 
 March 12, 1943, within which to file notice of appeal. Such notice was given on March 27, 1943, and that being the only jurisdictional step necessary to perfect the appeal, the Court of Appeals acquired jurisdiction and did not err in overruling the motion to dismiss such appeal.
 

 We now direct our attention to the second claim, to
 
 *586
 
 wit: “The Court of Appeals * * * erred in reversing the judgment of the Common Pleas Court for error of law in directing a verdict for the defendant on the first cause of action on the ground that the Jones Act did not apply.”
 

 The Jones Act is found in Title 46, Section 688 of the United States Code, and reads as follows:
 

 “Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at-law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located. ’ ’
 

 This being a federal statute, we are bound to follow the decisions of the Supreme Court of the United States with reference to its application and construction. N
 
 ew York, C. & St. L. Rd. Co.
 
 v.
 
 Biermacher,
 
 110 Ohio St., 173, 143 N. E., 570.
 

 It is claimed by defendant (appellant here) that the Wellston was not a vessel; that the plaintiff’s (appellee here) decedent was not a seaman or a member of a crew; and that his protection, if any, under federal law, is under the Longshoremen’s and Harborworkers’ Compensation Act (Title 33, Section 901
 
 et seq.,
 
 U. S. Code). Without quoting the latter act it is sufficient to say that the act excludes from its provisions
 
 *587
 
 ‘ ‘ a master or member of a crew of any vessel. ’ ’ However we are concerned only with the question of wbetbr er tbe Court of Common Pleas was correct in concludr ing as a matter of law that plaintiff’s (appellee here) decedent was not protected under tbe provisions of tbe Jones Act, and not with any question of tbe application of tbe Longshoremen’s Act.
 

 Whether tbe Wellston was a vessel is disposed of by a consideration of tbe federal statutes and decisions.
 

 Title 1, Section 3, U. S. Code, reads as follows:
 

 “The word ‘vessel’ includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water. ’ ’
 

 That a person working on a
 
 barge
 
 is a “seaman” within tbe meaning of tbe Jones Act, even when such barge has no motive power of its own, since it is a means of transportation on water, is clearly established by the federal decisions. See
 
 The General Cass,
 
 10 Fed. Cas., 169, No. 5307;
 
 Seabrook
 
 v.
 
 Raft of Railroad Cross-ties,
 
 40 F., 596;
 
 In re Eastern Dredging Co.,
 
 138 F., 942;
 
 City of Los Angeles
 
 v.
 
 United Dredging Co.,
 
 14 F. (2d), 364;
 
 The Robert W. Parsons,
 
 191 U. S., 17, 48 L. Ed., 73, 24 S. Ct., 8;
 
 Ellis
 
 v.
 
 United States,
 
 206 U. S., 246, 51 L. Ed., 1047, 27 S. Ct., 600;
 
 Norton, Deputy Commr.,
 
 v.
 
 Warner Co.,
 
 decided March 27, 1944, - U. S. -, 88 L. Ed., 606, 64 S. Ct., 747.
 

 Was Ranftl (plaintiff’s decedent) a member of a crew?
 

 In the case of
 
 South Chicago Coal & Dock Co.
 
 v.
 
 Bassett, Deputy Commr.,
 
 309 U. S., 251, 84 L. Ed., 732, 60 S. Ct., 544, the Supreme Court decided that whether an injured employee was a “member of a crew” turns upon a question of fact, which question is to be determined from a consideration of his actual duties.
 

 A brief review of the evidence is essential to determine whether the trial court erred in its ruling.
 

 
 *588
 
 The drill scow Wellston was a vessel registered with the United States Government at the port of Wilming^ ton, Delaware. In moving the vessel for short distances, anchors were dropped and the winches pulled the scow back and forth where it was wanted, but in movements of longer distances the vessel was moved by a tug. There were no living or eating quarters upon the boat. On the date in question and for some time prior thereto the Wellston was engaged in deepening a channel in the navigable waters of Lake Erie, under a contract with the federal government. Four men were regularly employed upon the scow, Koski who was in charge, Ranftl (decedent), the engineer, Nelson, the fireman, and Jacobsen, the night watchman. At the time Ranftl met his death the scow was tied up at Dolar’s dock in Put-in-Bay. Between the dock and the scow was a raft. The raft was anchored to the dock and the scow was anchored to the raft. The surface of the raft was about 10 feet below the dock and the scow. In order to get from the dock to the scow it was necessary to descend from the dock, by means of a ladder, to the raft, cross' the raft and ascend a ladder to the scow. On December 29, 1938, about 8 a. m., Ranftl fell and was fatally injured while descending the ladder, from the dock, on his way to the scow. There is"little doubt that Ranftl was in the course of his employment when he sustained the injuries causing his death. Ranftl was the engineer of ' the scow and performed all his. duties thereon. An affidavit signed by the president of the defendant construction company was admitted in evidence. It reads as follows:
 

 “I, Louis A. Wells, upon my oath say that I am of legal age, residing at 2878 Coventry Road, Shaker Heights, Ohio and am President of The L. A. Wells Construction Company, 1121 Schofield Building, Cleveland, Ohio; that I am respectfully declining to certify
 
 *589
 
 to the death claim of Peter Ranftl for the reason that he was employed with our firm as an engineer and a member of the crew operating the drill boat Wellston working on navigable waters only, and was so engaged on the date of his alleged accident and death. We are submitting a copy of the contract on which he was working as evidence of the kind of work the boat was doing. The L. A. Wells Construction Company have never paid any premium to the Industrial Commission covering the time Mr. Ranftl was engaged on the work in question. Owing to the fact that Mr. Ranftl fell from the dock it is the writer’s opinion that he was not on the job when the accident occurred.”
 

 This affidavit while not controlling was competent evidence to be submitted to the jury upon the question of the duties of the deceased and also as a declaration against interest.
 

 Can it be said, as a matter of law, upon the record, that plaintiff could not have recovered under the provisions of the Jones Act? We think not.
 

 The latest pronouncement of the United States Supreme Court upon this subject is the case of
 
 Norton, Deputy Commr.,
 
 v.
 
 Warner Co., supra.
 

 In that case, one Nicholas Rusin was injured when a capstan bar, which he was using to shift the barge at a pier, pulled out and struck him upon the chest. He was the only man employed on the barge. He applied for and was allowed compensation under the Longshoremen’s and Harbor-workers’ Compensation Act. The employer brought action in the District Court to set aside the award.. That court upheld the award. The Circuit Court of Appeals reversed, and the Supreme Court affirmed the Circuit Court of Appeals.
 

 Counsel for defendant point out in their brief the similiarity of the
 
 Norton case
 
 and the instant case. We agree that there is great similarity. The difficulty with defendant’s position is that it relied upon the decision
 
 *590
 
 of the District Court. However, the Supreme Court in affirming the reversal of the District Court by the Circuit Court of Appeals held that the injured employee came within the provisions of the Jones Act. Without going into a detailed discussion of the
 
 Norton case,
 
 we shall be content to quote from the final paragraph of the decision by the Supreme Court.
 

 :■ “We conclude that only by a distorted definition of the word ‘crew-’ as used in the Act [Longshoremen’s and Harbor-workers’ Compensation Act] could Rusin be- restricted to the remedy which it affords and excluded from recovery under the J ones Act or be denied relief in admiralty.”
 

 We conclude that the Court of Appeals did not err in reversing the judgment of the Court of Common PÍeas for error of law in directing a verdict for the defendant on the first cause of action on the ground that the Jones Act did not apply. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., -Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.