Per Curiam.

Defendant presents the question whether, upon the facts hereinbefore recited, the Court of Appeals, upon ap-pellee ’s motion to dismiss the appeal, may dismiss the appeal in regard to the issues raised upon the first motion ruled on and retain the appeal only as to the issues raised upon the second motion ruled on.
Section 2323.181, Revised Code, provides that a motion for judgment non obstante veredicto “may be filed before or after, or simultaneously with, the filing of a motion for a new trial; and if both of such motions are filed * * * the motion for judgment * * * shall be first decided by the court. * * * At the discretion of the court, such motions of both kinds may be heard together or separately, but shall be acted upon in the order provided for in this section.”
The trial court was clearly in error in ruling on the motion for new trial 14 days before ruling on the motion for judgment, in complete disregard of the above-quoted section of the Code relative to the manner of rendering and entering judgments.
The nunc pro tunc order antedating the order on the motion for judgment has no effect on the appeal.
“A judgment or order may be entered nunc pro tunc in furtherance of justice only and when a judgment is so entered in the Court of Common Pleas, a notice of appeal to review such judgment or order, filed therein not more than 20 days from the date of its actual entry is filed within the time limited by law. ’ ’ Brown, Admx., v. L. A. Wells Construction Co., 143 Ohio St., 580, 56 N. E. (2d), 451.
If the nunc pro tunc order would have deprived the defendant of its appeal, it was not “in the furtherance of justice.”
The Court of Appeals was in error in its order of March 22, 1956, sustaining the motion to dismiss the appeal as to the judgment rendered after the overruling of the motion for a new trial.
Section 2505.07, Revised Code, provides in part: *29 taken, until the entry of the order overruling or sustaining the motion for judgment under Section 2323.18 of the Revised Code, or the motion for a new trial, if only one of such motions shall have been filed, or overruling or sustaining the last of such motions decided, if motions of both kinds shall have been filed." (Emphasis added.)
*28 “When a motion for a new trial or a motion for judgment under Section 2323.18 of the Revised Code is filed by either party within the time provided by Sections 2321.19 and 2323.181 of the Revised Code, respectively, then the time of perfecting the appeal shall not begin to run, and an appeal shall not be
*29 Under the above-quoted section defendant could not have filed a notice of appeal until the motion for judgment was ruled on and the entry journalized. See Hurt v. Charles J. Rogers Transportation Co., 160 Ohio St., 70, 113 N. E. (2d), 489.
The judgment of the Court of Appeals so far as it sustains the motion to dismiss the appeal is reversed, and the cause is remanded to the Court of Appeals to consider the issues raised by the assignment of errors filed in that court.

Judgment reversed in part and cause remanded.

WeygaNdt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.