[Cite as *Shaffer v. A.W. Chesterton Co.*, 2019-Ohio-5022.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DIANE SHAFFER, Individually, and as
Executrix of the Estate of Edward Shaffer,
Deceased

     Appellant

     v.

A.W. CHESTERTON CO., et al.

     Defendants

     And

UNITED STATES STEEL
CORPORATION

     Appellee

C.A. No.     18CA011440

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     16CV190343

DECISION AND JOURNAL ENTRY

Dated: December 9, 2019

---

CALLAHAN, Presiding Judge.

{¶1}  Appellant, Diane Shaffer, individually and as the executrix of the estate of Edward Shaffer, appeals from the judgment of the Lorain County Common Pleas Court granting summary judgment in favor of Appellee, United States Steel Corporation, as to the federal claims.  For the reasons set forth below, this Court reverses.

I.

{¶2}  Between 1960 and 1961, Mr. Shaffer served as a merchant marine employed by the Pittsburgh Steamship Division of United States Steel Corporation.  Mr. Shaffer worked on various vessels owned and operated by United States Steel Corporation ("U.S. Steel") that sailed

on the Great Lakes. Mr. Shaffer mainly worked in the engine room and the boiler room of the vessels. His job duties included, but were not limited to, repairing, removing, replacing, and cleaning up thermal insulation materials on pipes; removing and replacing packing and gasket materials on steam wenches and valves; and removing and cleaning cement off old bricks and sealing the cleaned bricks in the boiler. Mr. Shaffer alleged that he was exposed to asbestos while working on U.S. Steel's ships. In 2016, Mr. Shaffer was diagnosed with mesothelioma.

{¶3} The Shaffers filed a complaint against twenty-three entities alleging state claims of asbestos-related personal injury, products liability, intentional tort, and loss of consortium. The complaint also set forth federal claims under the Jones Act and unseaworthiness under general maritime law against only some of the parties. The complaint was amended three times to add and remove parties and to modify the claims.

{¶4} U.S. Steel filed a motion for summary judgment based upon the third amended complaint addressing the federal claims. The Shaffers filed a brief in opposition to U.S. Steel's summary judgment motion, and U.S. Steel filed a reply brief. After conducting an oral hearing, the trial court granted summary judgment in favor of U.S. Steel on the federal claims, but did not include Civ.R. 54(B) certification on the order. Other parties and claims remained pending in the case.

{¶5} The Shaffers filed a motion for reconsideration arguing that the trial court improperly granted summary judgment on grounds not argued by U.S. Steel and the trial court incorrectly applied state law to federal claims. U.S. Steel opposed the motion for reconsideration arguing that the Shaffers had a meaningful opportunity to respond. The trial court denied the motion for reconsideration.

{¶6}    Mr. Shaffer died on June 29, 2018, while the case was still pending.  Mrs. Shaffer was appointed as the executrix of Mr. Shaffer's estate, and the complaint was amended a fourth time to reflect the appropriate plaintiff, to remove defendants, and to add a wrongful death claim.

{¶7}    Thereafter, Mrs. Shaffer requested, and the trial court issued, an order adding Civ.R. 54(B) certification to the judgment in favor of U.S. Steel as to the Shaffers' federal claims.  Mrs. Shaffer, on behalf of herself and Mr. Shaffer's estate, has timely appealed,[1] asserting three assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY APPLYING OHIO STATE LAW, RATHER THAN FEDERAL MARITIME LAW, TO [THE SHAFFERS'] JONES ACT AND UNSEAWORTHINESS CLAIMS IN ASSESSING THE SUFFICIENCY OF [THE SHAFFERS'] CAUSATION EVIDENCE.

{¶8}    In the first assignment of error, Mrs. Shaffer argues that the trial court incorrectly concluded "that Ohio substantive law * * * appl[ied] and that [the Ohio Supreme Court's holding in] *Schwartz* [*v. Honeywell Internatl., Inc.*, 153 Ohio St.3d 175, 2018-Ohio-474] is controlling[]" as to the federal maritime claims of unseaworthiness and the Jones Act.  This Court agrees.

{¶9}    This Court reviews an order granting summary judgment de novo.  *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000).  When a trial court elects to reconsider its interlocutory summary judgment ruling, this Court applies the same standard of review that is applicable to review a summary judgment decision.  *Carter v. Gerbec*, 9th Dist. Summit No. 27712, 2016-Ohio-4666, ¶ 39, quoting *Hull v. Astro Shapes, Inc.*, 7th Dist. Mahoning No. 10 MA 26, 2011-

---

[1] Based upon this Court's May 28, 2019 Order, U.S. Steel's renewed motion to dismiss the appeal as being untimely filed is denied.

Ohio-1656, ¶ 28, quoting *Klocinski v. Am. States Ins. Co.*, 6th Dist. Lucas No. L-03-1353, 2004-Ohio-6657, ¶ 12.  Accordingly, we apply a de novo review to the trial court's reconsideration decision of its grant of summary judgment.  *Carter* at ¶ 39.

{¶10}  Summary judgment is proper under Civ.R. 56(C) when:  (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11}  Summary judgment consists of a burden-shifting framework.  The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id.* at 292-293.  Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'"  *Id.* at 293, quoting Civ.R. 56(E).

{¶12}  Federal law permits a plaintiff to file a Jones Act claim and an unseaworthiness claim in either state or federal court.  *See* 28 U.S.C. 1333(1); *Garrett v. Moore–McCormack Co., Inc.*, 317 U.S. 239, 245 (1942) ("[S]tate courts have concurrent jurisdiction with the federal courts to try actions either under the Merchant Marine Act or in personam[.]"); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1066 (5th Cir.1981) (unseaworthiness is an in personam claim that may be filed in state or federal court).

{¶13}  The Jones Act, which incorporates the Federal Employers' Liability Act, supersedes all state laws as to the liability for vessel owners for injuries to seamen and requires

uniform application of federal law. *Lindgren v. United States*, 281 U.S. 38, 46-47 (1930). Thus, the United States Supreme Court has "held that the Jones Act is to have uniform application throughout the country unaffected by 'local views of common law rules.'" *Garrett* at 244, quoting *Panama RR. Co. v. Johnson*, 264 U.S. 375, 392 (1924).

{¶14} Similarly, an unseaworthiness claim is governed by federal maritime law as to all substantive matters, but applies state law as to procedural matters. *Lloyd v. Victory Carriers, Inc.*, 402 Pa. 484, 486, 167 A.2d 689 (1960); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409-410 (1953). *See Jones v. Erie RR. Co.*, 106 Ohio St. 408, 412 (1922) ("The substantive law relates to rights and duties which give rise to a cause of action. 'Procedure' is the machinery for carrying on the suit."). However, the state procedural law will not be applied if it interferes with the parties' substantive rights. *Lloyd* at 486.

{¶15} It has been recognized that state law may be applied to federal maritime cases when there is no admiralty law on point. *Byrd v. Byrd*, 657 F.2d 615, 617 (4th Cir.1981). Also, state law may be used to supplement federal maritime law, but only when there are no conflicts between the two systems of law and the need for uniformity does not bar the state action. *See Pope & Talbot* at 409-410; *Powell*, 644 F.2d at 1066, fn. 5; *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447 (1994).

{¶16} Accordingly, "[w]hen a state court hears an admiralty case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure." *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406 (Tex.1998) (Texas Supreme Court applied federal law to Jones Act claim filed in state court). *See Brown v. L.A. Wells Constr. Co.*, 143 Ohio St. 580, 586 (1944) (Ohio Supreme Court held that it was "bound to follow the decisions of the Supreme Court of the

United States with reference to [the] application and construction[]" of a Jones Act claim filed in state court.); *Garrett*, 317 U.S. at 240, 245 (Jones Act claim filed in Pennsylvania state court required application of federal substantive law). *See also Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 627-628 (1959) (recognizing admiralty law applies to unseaworthiness and negligence claims filed in state court); *Am. Dredging Co.* at 456 (state court must apply uniform federal laws to Jones Act claims); *Lloyd* at 486 (recognizing an unseaworthiness claim filed in Pennsylvania state court is governed by federal maritime law as to substantive matters). Thus, in this matter, the state trial court was bound to apply substantive federal maritime law as to both the Jones Act claim and the unseaworthiness claim.

{¶17} U.S. Steel argues that the trial court's application of the "*Schwartz* substantial factor test" was irrelevant because "the substantial factor test for causation is appropriately applied in maritime cases." U.S. Steel is essentially arguing that the Ohio law supplemented and did not contradict the federal maritime law. Based upon our analysis in assignments of error two and three below, the Ohio law relied upon by the trial court did not supplement, but instead contradicted the federal maritime law. Accordingly, the trial court erred in granting summary judgment by applying Ohio law to the Jones Act and unseaworthiness claims.

{¶18} In the alternative, U.S. Steel asserts that Mrs. Shaffer is precluded from asserting as error the trial court's reliance upon Ohio law because the Shaffers invited the error when they cited Ohio law in their brief opposing summary judgment. "The invited-error doctrine is a well-settled principle of law under which '[a] party will not be permitted to take advantage of an error which he himself invited or induced.'" (Alteration sic.) *Wojcik v. Pratt*, 9th Dist. Summit No. 25609, 2011-Ohio-5012, ¶ 10, quoting *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co., Lincoln–Mercury Div.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus.

{¶19} In response to U.S. Steel's request to exclude the expert testimony of Dr. Maddox, the Shaffers cited a number of federal court cases and one case from Ohio, *Schwartz v. Honeywell Internatl., Inc.*, 8th Dist. Cuyahoga No. 103377, 2016-Ohio-3175. While the Shaffers cited an Ohio case, at no point did the Shaffers argue to the trial court that Ohio law governed as to this issue to the exclusion of federal law. Rather, the Shaffers cited to this one Ohio case as supplemental support to the federal law. As the Shaffers' citation to one Ohio case did not advocate for the application of Ohio law over federal law, they were not ""actively responsible" for the trial court's error'" in applying state law.[2] *See State v. Copeland*, 9th Dist. Summit No. 27009, 2014-Ohio-5780, ¶ 8, quoting *State v. Campbell*, 90 Ohio St.3d 320, 324 (2000), quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915). Accordingly, U.S. Steel's invited-error argument is not well-taken.

{¶20} Mrs. Shaffer's first assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY APPLYING THE WRONG CAUSATION STANDARD TO [THE SHAFFERS'] JONES ACT CLAIM, AND BY CONCLUDING THAT, BASED ON THAT STANDARD, THERE WAS NO GENUINE ISSUE OF FACT AS TO THAT ELEMENT.

{¶21} In the second assignment of error, Mrs. Shaffer argues that the trial court erred in granting summary judgment as to the Jones Act claim because the trial court granted summary judgment on a basis not argued and applied the wrong law. This Court agrees with both of these arguments.

---

[2] The *Schwartz* decision cited by the Shaffers is not the same *Schwartz* decision relied upon and applied by the trial court. The Shaffers cited to the 2016 *Schwartz* decision from the Eighth District Court of Appeals (2016-Ohio-3175), while the trial court applied the 2018 *Schwartz* decision by the Ohio Supreme Court (153 Ohio St.3d 175, 2018-Ohio-474). The Shaffers could not cite to the Ohio Supreme Court decision because it was decided and released after the briefing and the oral hearing in this matter.

{¶22} As stated above, this Court will review de novo the trial court's decision to grant summary judgment and to deny the motion for reconsideration. *See Bonacorsi*, 95 Ohio St.3d 314, 2002-Ohio-2220, at ¶ 24, citing *Doe*, 90 Ohio St.3d at 390; *Carter*, 2016-Ohio-4666, at ¶ 39.

{¶23} The Jones Act, also known as the Merchant Marine Act of 1920, created a federal negligence claim for seamen against their employer for injuries and death occurring during their employment. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995); *Daughtry v. Jenny G. LLC*, 703 Fed.Appx. 883, 886 (11th Cir.2017), quoting 46 U.S.C. 30104;[3] *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 907 (6th Cir.2006). In consideration of the unique nature of and the dangers arising from working on a vessel at sea, Congress enacted the Jones Act for the benefit and protection of seamen. *See Socony-Vacuum Oil Co., Inc. v. Smith*, 305 U.S. 424, 430-431 (1939). To insure the protection of seamen, this remedial legislation is liberally construed. *Id.* at 431; *Garrett,* 317 U.S. at 248. *Accord Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199, 1204 (6th Cir.1989).

{¶24} To prevail on a Jones Act claim, a seaman must prove "that the employer was negligent and that the employer's negligence played any part, however slight, in producing the injury to the seaman." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 598 (6th Cir.2001). *See Miller v. Am. President Lines, Ltd*., 989 F.2d 1450, 1463 (6th Cir.1993). "Proof of negligence (duty and breach) is essential to recovery under the Jones Act." *Perkins* at 598. An employer's actions are judged under the "ordinary prudence" standard. *Id.* It is the employer's duty "to provide a safe workplace for its employees." *Rannals v. Diamond Jo*

---

[3] On October 6, 2006, the Jones Act, 46 U.S.C. 688, was recodified as 46 U.S.C. 30104. *See* 46 U.S.C. 30104; 2A Speiser, Krause & Gans, *Am. Law of Torts*, Section 9:100 (1983, Updated Mar.2019).

*Casino*, 265 F.3d 442, 449 (6th Cir.2001). A seaman must establish that the employer breached this duty "by neglecting to cure or eliminate obvious dangers of which the employer or its agents knew or should have known" and that breach of duty caused the seaman's injuries. *Id.*

{¶25} Once negligence is established, the seaman need not establish proximate causation. *Churchwell* at 907. Instead, the seaman needs to show that the "employer's negligence is the cause, in whole or in part," of the seaman's injuries. *Perkins* at 598, citing *Daughenbaugh* at 1204. Accordingly, the Jones Act applies a relaxed or reduced causation standard as between the employer's negligence and the seaman's injury that has been referred to as a "featherweight" burden. *Perkins* at 598; *Ferrara v. A.V. Fishing, Inc.*, 99 F.3d 449, 453 (1st Cir.1996).

**Causation element was not raised by U.S. Steel**

{¶26} As to the Jones Act claim, Mrs. Shaffer contends that U.S. Steel did not move for summary on the basis of causation. Nonetheless, the trial court granted U.S. Steel summary judgment on that basis.

{¶27} The Shaffers filed a motion for reconsideration on the basis that the trial court granted summary judgment on grounds not argued by U.S. Steel. In denying the Shaffers' motion for reconsideration, the trial court stated as follows:

> First, the undeniable objective of any court when ruling on a motion, or on any issue for that matter, is to get it right! To suggest that a trial court is constrained to reach a decision based only on the arguments raised by the parties would emasculate the court's primary purpose, authority, and mandate to do justice. Should a trial court ignore a clear and obvious legal analysis that definitively resolves a matter simply because the parties failed to raise it? I think not. If nothing more, a court's equity powers provide the discretion to consider issues and/or cases not raised by the parties.

(Emphasis sic.) While we agree that the objective of a court is "to get it right[]" when ruling on a motion, pursuit of that objective cannot be achieved at the expense of legal precedent. (Emphasis deleted.)

{¶28} The trial court's position is contrary to long standing precedent from this Court, our sister courts, and the Ohio Supreme Court regarding the scope of the trial court's review when ruling on a summary judgment motion. "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. Granting summary judgment on a basis not raised deprives the party opposing summary judgment of any opportunity to respond. *See Butler v. Harper*, 9th Dist. Summit No. 21051, 2002-Ohio-5029, ¶ 28, citing *DePugh v. Sladoje*, 111 Ohio App.3d 675, 681-682 (2d Dist.1996). Thus, as this Court has consistently held, it is error for a trial court to award summary judgment on a ground not specified in the motion for summary judgment. *Lehmier v. W. Res. Chem. Corp.*, 9th Dist. Summit No. 28776, 2018-Ohio-3351, ¶ 48; *Albrecht v. Marinas Internatl. Consol., LP*, 9th Dist. Summit No. 25246, 2010-Ohio-5732, ¶ 17-18; *Butler* at ¶ 28; *LeFever v. Aircraft Braking Sys. Corp.*, 9th Dist. Summit No. 16496, 1994 WL 232870, *2 (June 1, 1994).

{¶29} Moreover, in *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, the Ohio Supreme Court reached the same legal conclusion. *Id*. at ¶ 27. In reaching its decision, the Ohio Supreme Court relied upon this Court's decision in *Butler* and other decisions from our sister districts. *Id*. Accordingly, the trial court's belief that it could resolve a summary judgment motion on grounds not asserted by the moving party is contrary to law.

{¶30} Further, the trial court has misconstrued the scope of its equitable powers. "The function of equity is to supplement the law where it is insufficient, moderating the unjust results that would follow from the unbending application of the law." *Discover Bank v. Owens*, 129 Ohio Misc.2d 71, 2004-Ohio-7333, ¶ 20, citing *Salem Iron Co. v. Hyland*, 74 Ohio St. 160, 167 (1906). While the trial court may have equitable powers to craft a remedy to prevent unfairness or injustice, *Owens* at ¶ 21, those equitable powers do not extend to granting summary judgment on a basis that was not presented to the trial court. The trial court improperly employed its equitable powers in this case.

{¶31} As to the Jones Act claim, U.S. Steel moved for summary judgment based upon one argument: "[The Shaffers'] claim under the Jones Act fails because there [was] no evidence that U.S. Steel breached a duty to protect against a foreseeable risk of harm." U.S. Steel's argument relative to the Jones Act claim only cited law regarding the breach of duty element. Similarly, it only pointed to the absence of evidence regarding its breach of duty to protect against a foreseeable risk of harm. Thus, U.S. Steel limited its summary judgment argument as to the Jones Act claim to the element of breach of duty.

{¶32} On appeal, U.S. Steel suggests that it challenged the causation element in the Jones Act claim when it pointed to the lack of evidence from Mr. Shaffer and his experts regarding a connection between his exposure to asbestos and U.S. Steel's ships. Upon review of the summary judgment motion, U.S. Steel cited to Mr. Shaffer's testimony and his experts' opinions regarding the lack of asbestos exposure in support of its argument that there was no testimony or opinion that "U.S. Steel breached its duty to protect [Mr. Shaffer] from a foreseeable risk of harm" or that "U.S. Steel's conduct was negligent." U.S. Steel's summary

judgment briefs did not develop any argument or cite to any law connecting the lack of evidence of asbestos exposure on U.S. Steel's ships to the Jones Act causation standard.

{¶33} Based upon the foregoing, U.S. Steel did not move for summary judgment on the causation element in the Jones Act claim. Despite not moving for summary judgment on the causation element, the trial court sua sponte examined that element and awarded summary judgment to U.S. Steel on that basis alone. Accordingly, the trial court committed reversible error in awarding summary judgment based upon grounds not argued by U.S. Steel in its motion. *State ex rel. Sawicki,* 121 Ohio St.3d 507, 2009-Ohio-1523, at ¶ 27. *See Lehmier*, 2018-Ohio-3351, at ¶ 48; *Albrecht*, 2010-Ohio-5732, at ¶ 18; *Butler*, 2002-Ohio-5029, at ¶ 28; *LeFever*, 1994 WL 232870, at *2.

**Wrong law applied**

{¶34} Even if U.S. Steel had asserted a causation challenge to the Jones Act claim, Mrs. Shaffer argues that the trial court incorrectly applied state law and the wrong causation standard to a Jones Act claim. We agree.

{¶35} With respect to the Jones Act claim, the trial court "reject[ed] the 'however slight' standard contained in the Jones Act and instead, applie[d] the 'substantial factor' test required by R.C. 2307.96, *Lindstrom* [*v. A-C Prods. Liab. Trust*, 424 F.3d 488 (6th Cir.2005)], *Krik* [*v. Exxon Mobil Corp.*, 870 F.3d 669 (7th Cir.2017)], and *Schwartz*[, 153 Ohio St.3d 175, 2018-Ohio-474]." The trial court opined that the same standard of causation applied to both the Jones Act claim and the unseaworthiness claim. In reaching these conclusions, the trial court applied the wrong law and ignored well-established federal precedent that these are separate and distinct claims which invoke different standards of causation. *See Usner v. Luckenback Overseas Corp.*,

400 U.S. 494, 498 (1971). *Accord Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 595 (6th Cir.1998).

{¶36} As discussed above, a Jones Act claim is governed by federal law and when a Jones Act claim is filed in state court, the state court must apply federal substantive law and follow state procedural law. *Lindgren*, 281 U.S. at 46-47; *Ellis*, 971 S.W.2d at 406; *Brown*, 143 Ohio St. at 586. *See Am. Dredging Co.*, 510 U.S. at 456. While the Jones Act does not preempt state procedural requirements, state laws such as R.C. 2307.96 cannot be construed to apply a higher causation standard than is applicable to Jones Act claims. *Compare In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 480, 489 (Tex.2008) (A Texas statute regarding personal injury actions based upon injuries from silica and asbestos claims could not "impose a higher standard of proof for causation than the federal standard applicable to Jones Act cases.").

{¶37} Unlike an unseaworthiness claim, the Jones Act does not require the seaman to establish proximate cause. *Churchwell*, 444 F.3d at 904, 907. Instead, the Jones Act employs a reduced standard of causation wherein the seaman must establish that the employer's negligence contributed in any way, however slight, in causing the seaman's injuries. *Miller* at 1463; *Perkins*, 246 F.3d at 598. *See Jackson v. A-C Prod. Liab. Trust*, 622 F.Supp.2d 641, 649 (N.D.Ohio 2009) (recognizing that the Sixth Circuit has held that the standard of causation in a Jones Act claim is not proximate cause, but instead a relaxed standard).

{¶38} However, relying upon R.C. 2307.96, *Schwartz*, *Lindstrom*, and *Krik*, the trial court incorrectly rejected the lower causation standard and concluded that the higher substantial factor causation standard applied to the Jones Act claim. *See e.g. Criswell v. Atlantic Richfield Co.*, 2015 Pa.Super 119, 115 A.3d 906, 912 (2015) (trial court incorrectly applied the substantial factor causation test to a Jones Act claim). The trial court's reliance upon an Ohio statute and

case law governing asbestos claims and applying the substantial factor causation test was in error because that Ohio law contradicts the long-standing federal law applying the featherweight standard to Jones Act claims. Further, the trial court's application of the substantial factor causation standard in *Lindstrom* and *Krik* was erroneous because those federal cases involved maritime products liability claims and not Jones Act claims. Accordingly, the trial court applied the wrong law to the Jones Act claim.

{¶39} U.S. Steel concedes that the trial court held that the Shaffers could not satisfy the substantial factor causation test. However, U.S. Steel argues that "in order to reach [the] conclusion that [the] Shaffer[s] could not satisfy the substantial factor test, the trial court actually applied the more lenient * * * 'however slight' standard of causation[]" as evidenced by the trial court's finding that there was "no evidence that [Mr.] Shaffer was exposed to asbestos in <u>any</u> amount aboard the U.S. Steel Vessels." (Emphasis sic.) Contrary to U.S. Steel's interpretation of the trial court's order, the trial court did not make that specific finding. Instead, the trial court stated in its summary judgment decision that Mr. Shaffer "arguably came into contact with asbestos on the ships" and further referenced Mr. Shaffer's "alleged exposure to asbestos" in the reconsideration decision. Accordingly, U.S. Steel's explanation is unfounded.

{¶40} Conversely, U.S. Steel attempts to argue that the trial court did not rely upon *Schwartz* and applied the correct causation standard to the Jones Act claim in its ruling on the motion for reconsideration. U.S. Steel is mistaken. While the trial court did "[p]ut[] aside *Schwartz* for a moment" and correctly identified the "however slight" causation test on page five of the reconsideration decision, it then immediately followed those statements by referencing *Schwartz* and applying the substantial factor analysis to the Jones Act claim. Additionally, the

trial court concluded on page eight that the Shaffers could not satisfy the "substantial factor" test for either the Jones Act or the unseaworthiness claims.

{¶41} In light of the foregoing, we conclude that the trial court's grant of summary judgment as to the Jones Act claim was erroneous. To this extent, Mrs. Shaffer's second assignment of error is well-taken.

{¶42} In the alternative, Mrs. Shaffer argues that she has presented evidence as to the however slight causation standard. Based upon this Court's resolution of Mrs. Shaffer's second assignment of error, we decline to address Mrs. Shaffer's alternative argument in her second assignment of error as it is premature.

{¶43} Mrs. Shaffer's second assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY APPLYING THE WRONG CAUSATION STANDARD TO [THE SHAFFERS'] UNSEAWORTHINESS CLAIM, AND BY CONCLUDING, BASED ON THAT STANDARD, THAT THERE WAS NO GENUINE ISSUE OF FACT AS TO THAT ELEMENT.

{¶44} In the third assignment of error, Mrs. Shaffer asserts that the trial court erred in granting summary judgment as to the unseaworthiness claim because it applied state law instead of federal law and it applied the wrong causation standard. This Court agrees.

{¶45} We continue to apply a de novo review to the trial court's decision to grant summary judgment and to deny the motion for reconsideration. *See Bonacorsi*, 95 Ohio St.3d 314, 2002-Ohio-2220, at ¶ 24, citing *Doe*, 90 Ohio St.3d at 390; *Carter*, 2016-Ohio-4666, at ¶ 39.

{¶46} Ship owners have an absolute duty to provide a seaworthy vessel. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960). This does not mean that the ship owner is required to provide an accident-free ship. *Id.* at 550. Instead, the ship owner's duty is to provide

a ship that is reasonably safe and fit for its intended purpose. *Id.* A breach of that duty results in liability without fault. *Perkins*, 246 F.3d at 602. Thus, "[a] ship owner is strictly liable for personal injuries caused by his or her vessel's 'unseaworthiness.'" *Churchwell*, 444 F.3d at 904, citing *Mitchell* at 549.

{¶47} To prevail on an unseaworthiness claim, a plaintiff must show that the vessel upon which he was injured was unseaworthy, and that the vessel's unseaworthy condition was the proximate cause of his injuries. *Churchwell* at 904. "A vessel's unseaworthiness is the proximate cause of a plaintiff's injury if it was a substantial factor in causing such injuries." *Id.*, citing *Miller*, 989 F.2d at 1464. Stated differently, "'[a] plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.'" *Miller* at 1463, quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir.1988).

{¶48} In its summary judgment motion, U.S. Steel argued that Dr. Maddox's report was not evidence in support of the substantial factor causation test because his opinion was premised upon the cumulative-exposure theory which was rejected by *Lindstrom*. The trial court concluded "that Ohio substantive law * * * appl[ied] and that *Schwartz* [was] controlling[]" as to the unseaworthiness claim. The trial court proceeded to apply *Schwartz* and R.C. 2307.96 to analyze the substantial factor causation test. The trial court determined that its analysis "must focus on the manner, proximity, frequency, and length factors attendant to [Mr. Shaffer's] employment with [U.S. Steel]." In addition to *Schwartz*, the trial court also cited *Lindstrom* and *Krik* to reject the application of the cumulative-exposure theory in this case.

{¶49} The trial court's application of R.C. 2307.96, *Schwartz*, *Lindstrom*, and *Krik* is incorrect for two reasons: 1) R.C. 2307.96 and *Schwartz* contradict the federal law set forth in *Miller*, and 2) *Schwartz*, *Lindstrom*, and *Krik* involve asbestos product liability claims and not unseaworthiness claims.

{¶50} *Schwartz* involved an asbestos products liability claim filed in state court. *See id.*, 153 Ohio St.3d 175, 2018-Ohio-474, at ¶ 3-4. Relying upon R.C. 2307.96, *Schwartz* rejected the cumulative-exposure theory for two reasons. *Id.* at ¶ 18-19. First, the cumulative-exposure theory was "incompatible" with the statutory substantial factor causation test because the statute focused on the individual defendant's conduct as being the substantial factor in causing the plaintiff's asbestos related injuries while cumulative-exposure theory looked at the defendants in the aggregate. *Id.* at ¶ 18. Second, the cumulative-exposure theory was "at odds" with the mandatory factors set forth in R.C. 2307.96 that required "substantial causation be measured based on the manner, proximity, length, and duration of exposure." *Id.* at ¶ 19.

{¶51} *Miller*, a Sixth Circuit decision, involved Jones Act and unseaworthiness claims wherein the plaintiff was allegedly injured from exposure to asbestos and other toxic chemicals on the defendant's ships. *Id.*, 989 F.2d at 1454. With respect to the unseaworthiness claim, the Sixth Circuit held "that the correct standard for a finding of proximate cause [was] the 'substantial factor' test." *Id.* at 1464. The Sixth Circuit rejected the defendant's position that the "proper proximate cause standard for unseaworthiness [was] a 'frequency, regularity, intensity, duration' test." *Id*. at 1463. The proximate cause test that was rejected by the Sixth Circuit in *Miller* is similar to the "manner, proximity, length, and duration" test that was adopted by the Ohio Supreme Court in *Schwartz* and applied by the trial court in this case. *See Miller* at 1463; *Schwartz* at ¶ 19; R.C. 2307.96(B)(1)-(4).

{¶52} While Ohio has embraced the statutory "manner, proximity, length, and duration" test to establish the substantial factor causation in an asbestos products liability claim, the Sixth Circuit has rejected that test as it applies to proximate cause in an unseaworthiness claim. *See* Richard E. Kaye, *Am. Law Prods. Liab. 3d*, Section 122:36 (Updated Nov.2019). *See also Schwartz* at ¶ 19; R.C. 2307.96(B)(1)-(4); *Miller* at 1463. Because the Ohio asbestos products liability causation standard contained in *Schwartz* and R.C. 2307.96 contradicts the maritime unseaworthiness causation standard decided by the Sixth Circuit in *Miller*, it was error for the trial court to rely upon Ohio state law.

{¶53} Additionally, the trial court erred in relying upon the federal circuit court decisions in *Lindstrom* and *Krik* because those decisions did not address the causation standard for an unseaworthiness claim. Instead, both *Lindstrom* and *Krik* analyzed the causation standard for an asbestos product liability claim.[4] *Lindstrom*, 424 F.3d at 491-492; *Krik*, 870 F.3d at 671-673.

{¶54} It has been recognized that maritime law incorporates products liability claims. *E. River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986). *Accord Schaeffer v. Michigan-Ohio Navigation Co.*, 416 F.2d 217, 221 (6th Cir.1969). However, a maritime products liability claim is a separate cause of action from an unseaworthiness claim.

{¶55} A maritime asbestos products liability claim, like any other asbestos products liability claim, requires the plaintiff to "show, for each defendant, that (1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he

---

[4] We recognize that in *Lindstrom*, the plaintiff also filed Jones Act and unseaworthiness claims. *Id.* at 491. However, only the products liability claims were at issue in the appeal. *Id.* Contrary to the trial court's conclusion, the analysis in *Lindstrom* regarding the substantial causation factor test and the cumulative-exposure theory did not extend to the Jones Act and unseaworthiness claims.

suffered." *Lindstrom* at 492. The substantial factor causation test applied in maritime asbestos products liability cases is applied separately to each defendant. *Stark v. Armstrong World Industries, Inc.*, 21 Fed.Appx. 371, 375 (6th Cir.2001); *Lindstrom* at 493. Based upon that rationale *Lindstrom* and *Krik* rejected the cumulative-exposure theory. *See Lindstrom* at 493; *Krik* at 675.

{¶56} An unseaworthiness claim requires the plaintiff to show (1) "that the vessel was unseaworthy in some way," and (2) "that the unseaworthy condition proximately caused Plaintiff's injury." *Decker v. Oglebay Norton Marine Servs. Co., LLC*, 517 F.Supp.2d 991, 995-996 (N.D.Ohio 2007). In an unseaworthiness claim, proximate cause is also measured by a substantial factor test. *Miller*, 989 F.2d at 1464. *Miller* explained that unseaworthiness proximately causes an injury if it "played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Id.* at 1463, quoting *Johnson*, 845 F.2d at 1354.

{¶57} The Shaffers' claim that it was the presence of asbestos on U.S. Steel's ships that made them unseaworthy did not convert their unseaworthiness claim into a maritime asbestos products liability claim. *See generally Lindstrom v. AC Prods. Liab. Trust*, 264 F.Supp.2d 583, 587 (N.D.Ohio 2003) (The federal district court noted that "[t]he *Miller* decision, * * * addressed liability claims and the standard of causation in a case against shipowners[,]" while "[t]he *Stark* decision analyzed the causation standard under maritime law for product liability claims asserted against manufacturers."). As such, neither the "manner, proximity, length and duration" test nor the cumulative-exposure theory was implicated in the Shaffers' unseaworthiness claim. Accordingly, we conclude that the trial court erred when it relied upon *Lindstrom* and *Krik* to

exclude evidence based upon the cumulative-exposure theory in the Shaffers' unseaworthiness claim.

{¶58}  In light of the foregoing, we conclude that the trial court's grant of summary judgment as to the unseaworthiness claim was erroneous.  To this extent, Mrs. Shaffer's third assignment of error is well-taken.

{¶59}  In the alternative, Mrs. Shaffer argues that she has presented sufficient evidence of the unseaworthiness causation standard.  Based upon this Court's resolution of Mrs. Shaffer's third assignment of error, we decline to address Mrs. Shaffer's alternative argument in her third assignment of error as it is premature.

{¶60}  The third assignment of error is sustained.

### U.S. Steel's Alternative Argument

{¶61}  In the alternative, U.S. Steel argues that the judgment should be affirmed based upon its other summary judgment arguments not considered by the trial court.  However, this Court has consistently refrained from addressing an appellee's request to consider an alternative argument that was argued to the trial court, but not decided by the trial court, as a basis to affirm a summary judgment decision.  *See McFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 31, 37-38; *Burr v. Nationwide Mut. Ins. Co.*, 9th Dist. Lorain No. 12CA010231, 2013-Ohio-4406, ¶ 23; *Neura v. Goodwill Industries*, 9th Dist. Medina No. 11CA0052-M, 2012-Ohio-2351, ¶ 19; *Orvets v. Natl. City Bank, Northeast*, 131 Ohio App.3d 180, 192-194 (9th Dist.1999).  Accordingly, we decline to consider U.S. Steel's alternative summary judgment arguments in the first instance.

III.

{¶62} Mrs. Shaffer's assignments of error are sustained. The judgment of the Lorain County Common Pleas Court is reversed and the cause is remanded for further proceedings consistent with this opinion.[5]

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

---

[5] As this matter is being remanded for further proceedings, we note that the trial court record was incomplete. Specifically, exhibits A – FF to the Shaffers' brief in opposition were missing from the file. In light of our disposition of this appeal, the missing exhibits did not impact our ability to review this matter. However, these missing exhibits will be necessary for further proceedings in the trial court.

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

CHARLES P. STERN and GIBBS C. HENDERSON, Attorneys at Law, for Appellant.

JOSH P. GRUNDA, Attorney at Law, for Appellant.

THOMAS I. MICHALS, MATTHEW M. MENDOZA, JENNIFER WHITT, and LINDSEY E. SACHER, Attorneys at Law, for Appellee.